**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT LEONE, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-0429 |
| v. | (JUDGE CAPUTO) |
| TOWANDA BOROUGH, et al., | |
| Defendants. | |

### MEMORANDUM

Presently before the Court is Plaintiff Robert Leone's *Ex Parte* Motion for Leave to Conduct Expedited Discovery. (Doc. 2.)  On March 15, 2012, Plaintiff filed the instant *ex parte* motion seeking a court order permitting discovery in advance of a Rule 26(f) conference. (Doc. 2.)  Plaintiff asserts that early discovery is necessary to determine the identities of the Commanding Officer, "Trooper John Doe," and "Trooper Jane Doe" (collectively the "Unidentified Defendants") to ensure that the Unidentified Defendants are served within 120 days as required by Fed. R. Civ. P. 4(m). (Doc. 3, 4.)  Plaintiff argues that failure to serve within 120 days will result in the dismissal of the Complaint without prejudice, but any attempt to re-file the Complaint would likely be barred by the statute of limitations, which may have expired the day after the Complaint was filed. (Doc. 3, 5.)  Because the facts as presented by Plaintiff fail to establish good cause warranting the Court to engage in the inherently unfair practice of granting a motion *ex parte*, Plaintiff's request will be denied.

### I. Background

Plaintiff initiated this action on March 7, 2012 alleging civil rights violations for events that occurred on March 8, 2010 and March 9, 2010. (Doc. 1.)  Plaintiff alleges he was brutally beaten and assaulted by various employees of the Towanda Borough Police Department and the Pennsylvania State Police. (Doc. 1.)  Eight days later, on March 15, 2012, Mr. Leone filed an *ex parte* motion requesting permission to conduct early discovery

in advance of a Rule 26(f) conference. (Doc. 2.)  In particular, Mr. Leone seeks discovery of the identities of the Unidentified Defendants and information relating to the Unidentified Defendants' involvement in the events described in the Complaint. (Doc. 2.)  The basis for Mr. Leone's request for early discovery is set forth as follows:

> Plaintiff requires the identities of the Unidentified Defendants in order to ensure proper service.  Plaintiff commenced this lawsuit on March 7, 2012, and has the remaining 120-day period within which to accomplish service of process.  Plaintiff's claims against the Unidentified Defendants are likely governed by Pennsylvania's two-year statute of limitations applicable to torts which has expired.  Expedited discovery is necessary so that Plaintiff can serve process on the Unidentified Defendants within the time period prescribed by Federal Rule of Civil Procedure 4(m).  Although failure to serve process within this time period may result in a dismissal without prejudice, any attempt by Plaintiff to re-file the Complaint would be time-barred since the statute of limitations may have expired on March 8, 2012.  Accordingly, it is critical that Plaintiff discover the identities of these individuals along with their involvement with the events described in the Complaint.

(Doc. 3.)

## II. Discussion

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides:

> A *party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except* in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or *by court order*.

Fed. R. Civ. P. 26(d)(1) (emphasis added).  Although Rule 26 allows the Court to grant expedited discovery, "the Federal Rules of Civil Procedure offer little guidance as to when it is appropriate to authorize expedited and/or early discovery." *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11-465, 2011 WL 4478477, at *3 (D. Del. Sept. 26, 2011).

As the Third Circuit has not adopted a standard for addressing expedited discovery requests, the Court will "look for guidance from other district court courts within the Third Circuit . . . ." *Loy v. Armstrong World Indus., Inc.*, 838 F. Supp. 991, 995 (E.D. Pa. 1993). District courts in the Third Circuit have applied two standards when considering motions for expedited discovery: an injunctive relief standard and a "good cause" standard. *See Kone Corp.*, 2011 WL 4478477, at *3-*4.

The more stringent injunctive relief standard requires the moving party to

demonstrate:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Gucci Am., Inc. v. Daffy's, Inc.*, No. 00-4463, 2000 WL 1720738, at *6 (D. N.J. Nov. 14, 2000) (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).

Alternatively, the less stringent "good cause" standard requires the party seeking discovery to show "good" cause for its motion, such that the request is "reasonable" in light of the circumstances. *See Kone Corp.*, 2011 WL 4478477, at *4. "Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701, at *10 n.22 (W.D. Pa. Apr. 3, 2008) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)); *see also Kone Corp.*, 2011 WL 4478477, at *6 (applying a "good cause"/reasonableness standard to expedited discovery requests); *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) (applying a reasonableness standard to expedited discovery requests). Good cause has been found where a party seeks a preliminary injunction, where physical evidence may be consumed or destroyed thereby disadvantaging one of the parties, or where the case involves infringement or unfair competition claims. *See Fonovisa*, 2008 WL 919701, at *10 n.22.

As the recent trend among district courts in the Third Circuit favors application of a "good cause" or reasonableness standard to resolve motions for expedited discovery, the Court will apply this standard to Plaintiff's motion.

Applying the "good cause" standard to Plaintiff's motion, the Court cannot find Plaintiff's request for expedited discovery reasonable in light of the circumstances with which the motion is presented to the Court. The Court recognizes the severity of the allegations set forth in Plaintiff's Complaint and Plaintiff's need for discovery of the identities

of the Unidentified Defendants.[1]

However, the reasonableness of Plaintiff's expedited discovery request is greatly tempered by the circumstances with which the motion is before the Court. Indeed, *ex parte* motions are rarely justified. *See, e.g., Larin Corp. v. Alltrade, Inc.*, No. EDCV 06-01394, 2010 WL 4394287, at *1 (C.D. Cal. Oct. 28, 2010). An *ex parte* motion has been aptly described by the District Court for the Central District of California as follows:

> The expression "*ex parte* motion" is a term of art. In its pure form it means a request a party makes to the court without any notice to the other side. . . . [E]x *parte* motions are inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system.

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490-91 (C.D. Cal. 1995).

To justify *ex parte* relief, the *Mission Power* court suggests:

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, **it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect**. . . . To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. **It is the creation of the crisis- the necessity for bypassing regular motion procedures- that requires explanation**.

*Id*. at 495-96 (emphasis added). Thus, "*ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989).

The Court agrees with the *Mission Power* court's reasoning that *ex parte* motions are so inherently unfair that such relief should be granted only in the rarest of circumstances. Accordingly, a party requesting *ex parte* expedited discovery pursuant to Rule 26(d) must provide a justifiable explanation of the urgency warranting *ex parte* relief, including facts

---

[1] Plaintiff is correct that discovery is routinely permitted to allow for identification of "Doe" defendants. However, the authority relied upon by Plaintiff, *see, e.g., Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999); *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992), does not address the discovery of "Doe" defendants in the circumstances presented here- on an *ex parte* motion to conduct expedited discovery.

4

demonstrating that the moving party is without fault, or that any neglect on the party's behalf is excusable, in order to obtain the requested relief. And, where a plaintiff seeks *ex parte* expedited discovery to ascertain the identities of "John Doe" defendants to prevent the expiration of the statute of limitations, the moving party should provide an explanation as to why the action could not have been commenced at an earlier time. Such an explanation is necessary to provide the court with sufficient information to determine whether *ex parte* relief is warranted for lack of fault or excusable neglect on behalf of the party. Granting *ex parte* expedited discovery solely on the basis that a plaintiff's claims may ultimately be barred by the statute of limitations, without requiring an adequate justification for the delay, would amount to an unmerited authorization to the party to disregard the Federal Rules of Civil Procedure and applicable limitations periods.

In this case, the "crisis" facing Plaintiff is that he will be unable to identify and serve the Unidentified Defendants within the time period prescribed by the Federal Rules of Civil Procedure. Plaintiff, however, presents no explanation for the creation of the "crisis." That is, Plaintiff provides no justification why he waited until the day before the statute of limitations expired to file the Complaint when he was clearly aware that the identities of the Unidentified Defedants were unknown.[2]

Thus, as Plaintiff has provided no explanation establishing that he is without fault or that his actions are the result of excusable neglect, the Court will not grant Plaintiff's motion

---

[2] The Court is aware that the *Fonovisa* court granted an *ex parte* application for expedited discovery. *See Fonovisa*, 2008 WL 919701. *Fonovisa*, however, presented a situation unique from the facts here. There, the plaintiffs' *ex parte* application for expedited discovery was filed with the need to obtain discovery from the unidentified defendants' internet service provider, which was not a party to the action. *See id*. at *1. Importantly, because the plaintiffs only had access to the unidentified defendants' internet protocol addresses, *ex parte* expedited discovery was mandated as there were no known defendants with whom the plaintiffs could confer, which would have prevented discovery from commencing. *See id*. Here, there are known Defendants with whom Plaintiff may confer and Plaintiff will therefore be able to identify the Unidentified Defendants during the course of non-expedited discovery with the known Defendants.

*ex parte*.  Any predicament Plaintiff faces relating to the statute of limitations on his claims against the Unidentified Defendants are a product of his tactical decision to commence this action the day before the statute of limitations expired.  The Court cannot "save the day" for Plaintiff and manipulate the Federal Rules of Civil Procedure to this end.

### III. Conclusion

For the above stated reasons, Plaintiff's *Ex Parte* Motion to Conduct Expedited Discovery will be denied.

An appropriate order follows.


April 4, 2012                                                     /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                              United States District Judge